## UNITED STATES

v.

**Private E–1 Winner V. JOHNSON, 382–58–1650, U. S. Army, Battery B, 2d Battalion, 37th Field Artillery, Fort Sill, Oklahoma.**

### SPCM 12213.

U. S. Army Court of Military Review.

28 Feb. 1977.

Appellate Counsel for the Accused: CPT Buren R. Shields, III, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before JONES, FULTON and FELDER, JJ.

## OPINION OF THE COURT

FULTON, Judge:

The appellant was tried by a special court-martial on charges of disrespect to a superior noncommissioned officer, disrespect to a superior commissioned officer, and striking a superior commissioned officer, violations respectively of Articles 91, 89, and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 889 and 890. Pleading not guilty, he nevertheless was convicted and sentenced to be discharged with a bad-conduct discharge and to be confined for 60 days. The convening authority reduced the term of confinement to 30 days.

The issue is whether the military judge erred in denying the defense counsel's challenge of three members for cause.

Principal witnesses for the Government were the first sergeant, second lieutenant, and captain who were the victims of the offenses alleged. The defense witnesses were privates and privates first class who were with the appellant when the offenses occurred. At the outset of the trial, the defense counsel asked the members of the court whether they would believe or give more weight to the testimony of an officer or senior noncommissioned officer over that of an enlisted person merely because the witness was an officer or senior noncommissioned officer. Before any answers were received, the military judge pointed out factors bearing on the credibility of witnesses (*see* Department of the Army Pamphlet 27–9, Military Judges' Guide, paragraph 9–19 (19 May 1969)); indicated that whether a witness was an officer, noncommissioned officer, or lower-ranking enlisted member could have some effect on some of those factors; and restated the question. He asked whether, all other things being equal, the members would give controlling significance to the fact that a witness was an officer. Lieutenant Colonel A, Lieutenant Colonel B, and Major C each indicated that they would.

The trial counsel then asked whether, if the military judge instructed them not to give more credence to an officer simply because he was an officer, the members

would be able to follow that instruction. Lieutenant Colonels A and B indicated that they would not be able to follow that instruction. The military judge, stating that he would not give such an instruction, questioned the three members as to the basis of their tendency to believe officers.

Lieutenant Colonel A indicated that for almost 20 years he had been taught to rely on his officers and noncommissioned officers and that he believed that they knew "their obligation a little more deeply than probably" did enlisted members in grades E1, E2, and E3. Lieutenant Colonel B agreed, but added that he would give more credibility because of relative age and experience. Agreeing with the others, Major C indicated that he would have to "hear the whole thing" in order to make up his mind and would be most likely to believe whichever witness was corroborated.

The military judge next depicted an "exceptionally reliable" enlisted witness whose story was corroborated and an officer whose story either "didn't add up" or was uncorroborated and asked whether the members would hesitate to find against the officer. Lieutenant Colonels A and B indicated that they would hesitate. Asked by the military judge whether they could still find a reasonable doubt if an officer testified that an enlisted accused was guilty, Lieutenant Colonel B and Major C replied that they possibly could. Lieutenant Colonel A replied similarly to a later question asked by defense counsel.

After a short recess to study the matter, the military judge denied the defense counsel's challenges for cause. Lieutenant Colonel A was then challenged peremptorily.

■ While questioning along these lines may yet be regarded as improper in some jurisdictions, there is no doubt as to its propriety in the military courts. *United States v. Huntsman,* 22 U.S.C.M.A. 100, 46 C.M.R. 100 (1973). "The very purpose of the *voir dire* is to permit counsel to satisfy themselves that they have an impartial jury. . . . Nothing could be plainer than that a predisposition to attach greater or lesser credence to any witness' testimony

is inconsistent with that fundament of our legal system . . . ." *Harvin v. United States,* 297 A.2d 774, 777–778 (D.C.App., 1972), quoted with approval in *United States v. Huntsman* at 102, 46 C.M.R. at 102.

■ We can agree with appellate counsel for the Government, who argue that—

In weighing evidence, court-members are expected to utilize common sense and their knowledge of human nature. . . . The fact that *in the experience of these court members* they have found officers and higher ranking NCOs to be more responsible and to take their obligations more seriously is not an irrational *factor to consider* in determining credibility. Reply to the Assignment of Errors at 2. (Emphasis added.)

The military judge, as may be seen from the summary above, was of the same view.

■ On the other hand, viewing the totality of the court members' commendably candid responses, we agree with the appellant's contention that the three challenged members indicated a predisposition to believe the Government's witnesses. The necessary distinction has been drawn for us by the Court of Military Appeals, in a case involving the propriety of a trial counsel's argument, in the following terms:

No doubt an inference of reliability and truthfulness may properly be drawn from the fact than an individual has had such long and dedicated service in an armed force as to merit promotion to high rank. That inference, however, cannot, in our opinion, be elevated to a legal axiom that the degree of rank carries a corresponding degree of credibility. *United States v. Ryan,* 21 U.S.C.M.A. 9, 12, 44 C.M.R. 63, 66 (1971).

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JONES and Judge FELDER concur.