**UNITED STATES, Appellee,**

v.

**Melvin McQUEEN, Private, U. S. Army, Appellant.**

No. 36,187.

SPCM 13134.

U. S. Court of Military Appeals.

Aug. 27, 1979.

Appearances: For Appellant: *Major Carlos A. Vallecillo* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims* (on brief); *Captain Demmon F. Canner.*

For Appellee: *Captain Landon P. Snell III* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major David McNeill, Jr.* (on brief); *Captain Paul W. Jacobson.*

Opinion of the Court

PER CURIAM:

We granted review of the following contention:

THE MILITARY JUDGE ERRED IN DENYING THE CHALLENGE FOR CAUSE AS TO CAPTAIN KASPER, COURT MEMBER.

Resolution is readily performed by using the rule laid down in *United States v. Deain*, 5 U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954):

If the evidence touching the issue is in conflict, the balance must be struck by the person or persons having authority to rule on the challenge. *There must be a clear abuse of discretion in resolving the conflict before an appellate tribunal, which lacks the power to reweigh the facts, will reverse a decision.*

(Emphasis added.)

The proper test to evaluate the propriety of the judge's denial of a challenge for cause "is whether he [the prospective court member] is mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker*, 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955).

We have found no fault with, and have continued to adhere to, these two rules. *United States v. Karnes*, 1 M.J. 92 (C.M.A.1975); *United States v. Boyd*, No. 36,296, 7 M.J. 282 (C.M.A.1979). Viewing the voir dire examination of Captain Kasper in light of *Deain* and *Parker*, we conclude that the trial judge correctly disallowed the challenge for cause.

Accordingly, we affirm the decision of the United States Army Court of Military Review.

Judge PERRY concurs in the result.