UNITED STATES, Appellee,

v.

**Airman First Class Larry V. HARRIS,
U. S. Air Force, Appellant.**

No. 40,567.

ACM 22770.

U. S. Court of Military Appeals.

July 6, 1982.

For Appellant: *Captain Thomas S. Markiewicz* (argued); *Colonel George R. Stevens, Major Wade B. Morrison* (on brief).

For Appellee: *Captain Richard O. Ely, II,* (argued); *Colonel James P. Porter* (on brief).

## Opinion

FLETCHER, Judge:

In accordance with his pleas, appellant was found guilty *inter alia*[1] of seven specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The members of his general court-martial sentenced him to a dishonorable discharge, confinement at hard labor for 1 year, forfeiture of $100 pay per month for 12 months and reduction to E–1. The convening authority approved only a bad-conduct discharge and the remainder of the sentence as adjudged. The United States Air Force Court of Military Review by divided vote affirmed the findings of guilty and the sentence. 11 M.J. 589 (1981).

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION BY DISALLOWING A CHALLENGE FOR CAUSE AGAINST A COURT MEMBER AND COMPELLED TRIAL DEFENSE COUNSEL TO USE HIS PEREMPTORY CHALLENGE.

The Court of Military Review found the following facts which are pertinent to our resolution of the granted issue:

The defense challenge to the court member, Colonel Herbert R. Fields, Jr., rested on several bases. The challenged member worked with two of the theft victims, chaired a base resources protection committee, and wrote or indorsed the officer efficiency reports of three other court members. The inquiry on the last point was very brief at trial. Colonel Fields agreed that he would not use his position as writing or indorsing officer to try to influence any deliberations. Moreover, we find nothing in the record of trial that indicates that Colonel Fields should be disqualified simply because of

his relationship to those three other members.[1]

The other points raised by defense counsel are more troublesome. Two of the theft victims, both lieutenants, worked for Colonel Fields and he indorsed their officer efficiency reports. In casual conversations, these victims had told him of the thefts.[2] He advised them to report the matter to the security police. One of the two officers had been quite concerned with the theft and recovery of his watch.[3] He later had told Colonel Fields that the person responsible had been caught. Colonel Fields was not aware of any financial hardship resulting from the thefts.

At trial, Colonel Fields assured both counsel that this relationship would not affect his judgment:

TC: Would their concerns, that they expressed to you, in your mind, have any influence on the punishment which you might determine appropriate in this case in your deliberations?

PRES: I don't feel that way whatsoever.

TC: Would you feel that you can completely divorce what your feelings are towards the Lieutenants and their express concerns in your deliberations here? Do you understand the question?

PRES: Yes. I have only discussed this a couple of times with them, that is all.

\* \* \* \* \* \*

DC: Colonel, it is very important. I don't want to imply to you that I think you are unfair or not impartial, but it is extremely important, and I am sure that you understand why, that you reach into your mind now and ask yourself honestly, if you can divorce, from your mind, the fact that two of the victims in these offenses work for you, and what you heard about the offenses, whether you remember exactly what the words were, and you probably remember the feelings, can you re-

---

1. Appellant was also found guilty of making false official records and making a worthless draft, in violation of Articles 107 and 123a,

Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 923a, respectively.

ally divorce that from your mind in this case, or do you feel that there might be something.

PRES: I don't think that, based on what you say, that a casual discussion that we had, we sit around the office in the morning and have a cup of coffee, and he would bring it up several times. I think that I can push that out of my mind.

As part of his regularly assigned duties, Colonel Fields served as the chairman of a base resources protection committee. The committee would survey areas of the base that had personal or government property losses. Neither Colonel Fields nor the committee members, as such, had visited the base gym, the scene of six of the seven thefts. Colonel Fields had not reviewed security police reports about the thefts from the gym nor had be been briefed about them. As committee chairman, he did not feel any personal interest in the trial. He said he was mentally free to render a fair and impartial sentence based on the evidence submitted.

Following the individual voir dire of the president, the defense counsel challenged him for cause, claiming that his interwoven connection with the case made it too dangerous for him to sit. The military judge, denying the challenge for cause, emphasized the president had no direct personal interest in the case and had stated "he was free, mentally, to render a fair and impartial verdict after hearing the evidence and the law." Thereafter, the defense peremptorily challenged the president and he was excused from further participation in the case.

1 *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954).

2 The limited knowledge the president acquired from the two victims prior to trial was little more than what was conveyed to the other members by the allegations in the specifications.

3 The watch of this victim was Prosecution Exhibit 5.

11 M.J. at 590–91.

The first question to be addressed in this case is whether the military judge improp-erly denied appellant's challenge for cause against Colonel Fields. Article 41(a), UCMJ, 10 U.S.C. § 841(a); *see United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1953). Such a decision at a court-martial is one to which military legal authorities have given serious consideration in the past. *See* Winthrop, *Military Law and Precedents* 205–30 (2d ed. 1920 Reprint). Moreover, this Court itself recently emphasized the importance of such a decision in light of the fact that an accused at a court-martial has but a single peremptory challenge. Article 41(b). *See United States v. Tippit*, 9 M.J. 106, 107 (C.M.A.1980); *cf.* Fed.R.Crim.P. 24(b).

■■■ The decision to grant a challenge for cause against a court member is one imparted by Congress to the military judge. Article 41(a) states in part that the "judge . . . shall determine the relevancy and validity of challenges for cause." *See* Article 71 of American Articles of 1806; AW 18 (1920). In reaching a decision, the military judge has reasonable discretion to determine controversies of fact. *See United States v. Deain, supra* at 49. Nevertheless, the judge has no discretion to ignore applicable legal principles in arriving at a decision on the challenge for cause. *United States v. Talbott*, 12 U.S.C.M.A. 446, 448, 31 C.M.R. 32, 34 (1961). *See* Winthrop, *supra* at 206 n.13. It is to this extent that our review of these decisions by the military judge has generally been considered limited. *See United States v. Boyd*, 7 M.J. 282 (C.M.A.1979); *United States v. McQueen*, 7 M.J. 281 (C.M.A.1979).

Turning to the case before us, we note that trial defense counsel summarized his challenge for cause against Colonel Fields as follows:

I would challenge Colonel Fields for cause. Colonel Fields has an interwoven connection through this case. He writes or endorses the OER's of three of the members. I realize that in and of itself is not enough to effect his removal from the jury, but taking into consideration that

not only does he write and endorse the effectiveness reports of three members of the jury, but he also is the writer of the effectiveness or endorser of the effectiveness reports of two of the victims. He also has an intimate working relationship with two of the victims. So much so that he knew about this case and they complained to him about not having enough having been done. Compounding that is the fact that he is a member of this resource protection committee and has, by his own admission, on occasion gone out trying to improve security in different locations. Whether he can rationalize that in his mind is one thing, but clearly this represents an involvement, both of an official and an emotional involvement that is too dangerous to leave on the court, keeping in mind that he is also the President of the court and enjoys some prestige merely because, and I understand that you will have an instruction on rank, but merely because of his stature. All things considered, I don't believe the man can be impartial. Each one considered separately, perhaps is not enough, but all things considered, I believe he is too wound up in this jury and in the victims, to be able to divorce from his mind all of those factors and to reach a fair and impartial sentence in this case.

Such a challenge, liberally construed,[2] is multi-faceted. If its supporting allegations of fact were properly established, it raises disturbing questions not only as to the existence of actual bias against appellant by the challenged member but also as to the perception of fairness which reasonable men[3] would draw from his sitting on this court. *See United States v. Dean, supra* at

53. *See generally United States v. Haynes*, 398 F.2d 980, 983–86 (2nd Cir. 1968), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 124 (1969).

█ The military judge in response to this challenge, was content to simply state the following:

He indicated that he had no direct personal interest in the results of the trial and that he was free, mentally, to render a fair and impartial verdict after hearing the evidence and the law. I will deny the defense's challenge for cause.

From such a ruling, it is clear that the military judge denied this challenge based on her exclusive reliance on the fact that the challenged member both disclaimed personal interest in the case and asserted his impartiality.

We find as a matter of law that her stated rationale was inadequate to resolve these important questions of military law for the following two reasons.

First, disclaimers of this nature are not unusual in military or civilian practice when a member of a court is challenged on the basis of actual bias. Traditionally, they are insufficient as a matter of law to remove a valid and relevant objection to a member unless delivered in a manner indicative of truthfulness, that is in a confident or unequivocal manner. *See United States v. Talbott, supra*; Winthrop, *supra* at 220–21. In other words, the mere fact that disclaimers were made or "indicated" by the member does not decide the question. Accordingly, the military judge's ruling on its face is fatally defective on the question of the existence of actual bias against appellant.

2. Para. 62*h*(2). Manual for Courts-Martial, United States, 1969 (Revised edition).

3. The challenged court member himself noted his own misgivings as to the perception of fairness emanating from his position on the court:

TC: Sir, if you were the accused in a case such as this and a member of the court sitting to determine a sentence and had this kind of knowledge, would you have any difficulty with the fairness of that individual in your own mind? Looking at that person perceiving fairness, even though the person as-

sured you that he believed that he would be as fair as he possibly could be?
PRES: It is a difficult question. He certainly would have to be aware of it. I think maybe—not that portion of it. I would at that point consider it more important—I am chairman of the resources protection committee on the base which is protection of all of our resources and what have you. That to me would be more important than some of the knowledge that would be brought up here.

Second, assuming the military judge found the disclaimers sincere, there were other facts uncontroverted in the record of trial which raised the question of implied bias in this case. *United States v. Deain, supra* at 53. *See Irvin v. Dowd,* 366 U.S. 717, 724–28, 81 S.Ct. 1639, 1643–45, 6 L.Ed.2d 751 (1961).

The Court of Military Review in examining the record of trial found the following facts: First, the challenged member was president of the court and wrote or endorsed the fitness reports of three other members of the court. He clearly was in a position to improperly influence the determination of appellant's sentence. *See United States v. Deain, supra.* Second, the challenged member worked with two of the victims of appellant's larcenies and he discussed these crimes with them prior to trial. He clearly had a personal relationship with parties to the dispute. *See* Winthrop, *supra* at 225. Finally, the challenged member was also chairman of the resources protection committee on base responsible for securing areas to avoid personal or governmental loss. He had an official interest in discouraging larcenies such as appellant's. *See United States v. Allsup,* 566 F.2d 68, 71–72 (9th Cir. 1977); Winthrop, *supra* at 224–25.

■ The military judge was not free as a matter of military law to ignore these facts and circumstances in reaching her decisions simply because she found the member's disclaimer sincere. Paragraph 62*f*(13) of the Manual for Courts-Martial, United States, 1969 (Revised edition), states in this regard that the military judge must consider

[a]ny other facts indicating that he should not sit as a member ... in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality.

This Court has also inferred that where circumstances are present which raise "an appearance of evil" in the eye of disinterested observers,[4] mere declarations of impartiality, no matter how sincere, are not sufficient by themselves to insure legal propriety. *United States v. Deain, supra* at 53; *see also United States v. Allsup, supra.* Since the military judge exclusively relied on these declarations of the challenged member in the present case, we find her decision erroneous as a matter of law on the question of implied bias.[5]

■ The second question in this case is whether appellant was prejudiced by the erroneous decision of the military judge. We note that the challenged member did not sit on the court which passed sentence in this case because he was removed by means of the peremptory challenge exercised by appellant. In view of this fact, we are convinced that appellant was sentenced by a fair and impartial court-martial.

Appellant nonetheless asserts that the erroneous denial of his challenge for cause forced him to exercise his one peremptory challenge in a manner not envisioned by Congress. *Contra,* para. 62e, Manual, *supra.* Judge Mahoney, who dissented at the lower appellate court, points out that there is a divergence of opinion in both military and civilian jurisdictions as to whether prejudice inures to an accused under these circumstances.

We believe that the right to peremptory challenge is an important codal right. *See Pointer v. United States,* 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894). Nevertheless, we perceive no prejudice in this case because of the lack of any evidence in the record that appellant otherwise desired to exercise this right. Article 59(a), UCMJ, 10 U.S.C. § 859(a). *See United States v. Brown,* 644 F.2d 101, 103–04 (2nd Cir. 1981); *United States v. Allsup, supra* at 74 (Foley, Dist. J., concurring).

---

4. All three judges of the Court of Military Review implied that as reasonable persons they might have decided this challenge for cause differently under the same facts and circumstances which faced the trial judge.

5. Our decision today is not intended to undermine the authority of military judges provided in the Uniform Code of Military Justice. Nevertheless, their decisions, even those cloaked in discretion, are subject to legal review in accordance with that Code.

The decision of the United States Air Force Court of Military Review is affirmed.

COOK, J., (concurring in the result):

Whether a court member is biased is essentially a question of fact. *United States v. Deain,* 5 U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954). Consequently, appellate courts must accord considerable deference to a trial judge's decision regarding a challenge for cause. We have said, "There must be a clear abuse of discretion in resolving the conflict before an appellate tribunal, which lacks the power to reweigh the facts, will reverse a decision." *Id.; United States v. Boyd,* 7 M.J. 282 (C.M.A.1979).

It is perhaps true that Colonel Fields, the challenged court member, had more prior knowledge of the case than the average court member. However, it must be borne in mind that appellant pleaded guilty to these offenses; thus, the court members' sole responsibility was to adjudge an appropriate sentence. By far the most significant of the allegedly disqualifying factors cited was Fields' professional relationship with two of the seven theft victims. Both trial and defense counsel and the military judge were fully aware of these factors and their *voir dire* focused directly on the potentially troublesome areas.

The record shows the challenged member to be an experienced, responsible officer, who gave repeated assurances to the military judge that he was able emotionally and intellectually to separate himself from his tangential associations with the case. While a military judge is certainly not bound by such assurances, in a given case they may be highly persuasive. In the instant case, the offenses against the challenged member's subordinates—officers both—involved the loss of property only and inflicted no particular hardship on the officers. In this circumstance, I perceive little likelihood that the member's passions were so inflamed that he was not "mentally

free to render an impartial ... sentence based on the law and the evidence." *United States v. Parker,* 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955). Thus, unlike my Brothers, I perceive no abuse of discretion here.

In any event, I agree with the principal opinion that appellant's exercise of his peremptory challenge against Colonel Fields precluded any possibility of prejudice here. *See* my concurring opinion in *United States v. Boyd, supra.*

Accordingly, I join in affirming the decision of the United States Air Force Court of Military Review.

EVERETT, Chief Judge (dissenting):

I agree with the principal opinion that the challenge for cause was improperly denied. However, from that premise I draw an entirely different conclusion from that of the majority.

Article 41(b) of the Uniform Code of Military Justice, 10 U.S.C. § 841(b), grants one peremptory challenge each to the Government and the accused.[1] Because of the military judge's error in denying the challenge for cause, appellant was compelled to utilize his single peremptory challenge to remove from the court Colonel Fields, whom he had unsuccessfully challenged for cause. Indeed, if appellant has peremptorily challenged another member, he might well have waived his rights under the challenge for cause.[2]

Nonetheless, in the case at bar, appellant is provided no remedy for his loss of "an important codal right ... because of the lack of any evidence in the record that appellant otherwise desired to exercise this right." 13 M.J. 288, 292. Of course, the lawyer who defended appellant at trial is entitled to ask what "evidence" he should have provided in order to preserve his client's challenge for cause. The principal opinion provides no answer to that question.

[1]. As has been recommended by the American Bar Association, an increase in this number would be quite desirable.

[2]. Certainly, if he had not used his peremptory challenge at all, appellant would have waived the challenge for cause as to Colonel Fields.

Should the defense counsel have requested that appellant be granted additional peremptory challenges? Since Article 41(b) does not purport to give a trial judge the authority to allow additional peremptory challenges, is the principal opinion suggesting that defense counsel should have provided "evidence in the record" by making a vain request that he knows the judge has no power to grant? [3]

One clear lesson may be drawn by a defense counsel from the principal opinion. If he makes a challenge for cause which he believes has merit, in order to preserve that challenge on appeal he should exhaust his peremptory challenge and then "evidence" in some way that he still would wish to exercise another peremptory challenge if it

were available. Perhaps a statement in the record during an Article 39(a) [4] session would suffice; but, to be better protected, a request that the trial judge allow additional peremptory challenges would seem in order. The defense counsel will have every reason not to offer such "evidence"—there being everything for his client to gain and nothing to lose by doing so. Therefore, competent counsel will do this as a matter of course. The net result of the principal opinion is to introduce in military practice a time-consuming and meaningless formality which will only serve as a pitfall for the unwary. In view of that result—and also for the reasons ably stated in Judge Mahoney's dissent in the court below—I dissent and would grant a rehearing on sentence.

---

**3.** Perhaps the principal opinion is subtly implying that a trial judge has the inherent authority to allow additional peremptory challenges. Some Federal judges have adopted such an interpretation of Fed.R.Crim.P. 24, which also contains no authorization for the trial judge to allow additional peremptory challenges except in the selection of alternate jurors. *See, e.g., United States v. Caldwell*, 543 F.2d 1333, 1347 n.57 (D.C.Cir.1974), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 877, 47 L.Ed.2d 97 (1976); *United States v. Bentley*, 503 F.2d 957 (5th Cir. 1974); *United States v. LePera*, 443 F.2d 810, 812 (9th Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971). Judge Hunter has persuasively observed:

> The terminology of [18 U.S.C.] section 1870 is that a litigant is "entitled" to three strikes. The words "entitled to three peremptory challenges" need not be read as meaning

entitled to *only* three. Indeed, a common reading of these words is that the party has a right to *at least* three. No words in the statute explicitly limit the court's discretion to give additional challenges.

*Blount v. Plovidba*, 567 F.2d 583, 587 (3rd Cir. 1977) (Hunter, J., dissenting). Article 41(b), Uniform Code of Military Justice, 10 U.S.C. § 841(b), uses the same terminology—that "[e]ach accused and the trial counsel is entitled to one peremptory challenge"—so according to this view this provision need not be read as meaning the accused and the trial counsel is *only* entitled to one peremptory challenge. Indeed, there is no language in this codal provision that even hints that the military judge has no discretionary authority to give additional challenges.

**4.** UCMJ, 10 U.S.C. § 839(a).