**UNITED STATES**

v.

**Lathon G. DOWNING 017 52 5659, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 82 0271.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 2 April 1981.

Decided 31 Oct. 1983.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Kathleen P. McTighe, JAGC, USNR, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before EOFF, Chief Judge, and GORMLEY and MIELCZARSKI, JJ.

MIELCZARSKI, Judge:

Appellant was tried by a special court-martial comprised of officers and enlisted members. Contrary to his pleas, he was found guilty of unauthorized absence (three instances), disrespect to a commissioned officer, willful disobedience of a commissioned officer, lifting up a weapon against a commissioned officer who was in the execution of his office, and disrespect to a non-commissioned officer who was in the execution of his office, in violation of Articles 86, 89, 90, and 91 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 889, 890, 891. He was sentenced to confinement at hard labor for 4 months, forfeiture of $330.00 pay per month for 4 months, reduction to pay grade E–1, and a bad conduct discharge. The findings and sentence were approved without modification by the convening and supervisory authorities.

Appellant has advanced numerous assignments of error for this Court's consideration. We find merit with assignment II and therefore set aside the findings of guilty and the sentence, but authorize a rehearing. Our reasons are set forth below.

## II

**THE MILITARY JUDGE ABUSED HIS DISCRETION BY DISALLOWING APPELLANT'S CHALLENGES FOR CAUSE AGAINST TWO MEMBERS OF THE COURT.**

The military judge denied defense challenges for cause against Lieutenant F—— and First Sergeant L——. The ground stated for each challenge was the member's inability to render an impartial decision. In the case of Lieutenant F——, he admitted during *voir dire* examination that he was professionally and socially acquainted with Lieutenant D——, the alleged victim in three of the specifications before the court-martial.

He had met Lieutenant D—— at several staff and officer calls, at the commissioned officers' club, and on one occasion attended a dinner show in the company of their wives. Although Lieutenant D—— was not one of his closest friends, he "definitely liked the guy" and "would probably listen to what he had to say and believe him." In response to a defense question about how he would resolve sharply conflicting testimony between Lieutenant D—— and some other Marine or group of Marines he stated:

I would evaluate the truth as best I could.

However, I understand what you say and I know Lieutenant D——, and I have a profound belief at this point in his integrity as an officer and in his acquaintance, and it may in fact—yes, it could influence my judgment towards him.

First Sergeant L—— admitted on *voir dire* examination that, during an overseas unit deployment which ended seven months prior to the court-martial, appellant had been assigned to a company over which L—— was the First Sergeant. Although appellant had not been a member of his unit for some months since the return from deployment, he recalled that he had counseled appellant on a number of occasions about leadership and disciplinary matters. In his opinion appellant had above average potential, but First Sergeant L—— was disappointed because appellant had failed to live up to that potential. He recalled that appellant had a hostile attitude and that appellant had spent time in correctional custody during the overseas deployment.

In further examination of Lieutenant F——, the military judge posed a single hypothetical question concerning whether the member would automatically believe the testimony of Lieutenant D—— over that of any other Marine lieutenant because of their prior relationship. The member responded with a simple "no" answer.

In attempting to rehabilitate First Sergeant L——, the trial counsel obtained responses from the member that his memory of the particulars of his prior experiences with appellant were somewhat faded be-

cause of the lapse of time and because he had counseled many other Marines in the interim. In response to a question by trial counsel concerning whether the member felt "that any of the prior dealings that you had with [appellant] would effect [sic] your ability to hear this case today," First Sergeant L__ replied with a simple "No, sir."

In denying both challenges for cause the military judge stated his reasons for the record:

My reasons are with respect to First Sergeant [L], I found that he was quite candid and appeared to be impartial, and he had no specific reaction with regard to his dealings with the accused, and I believe that he will approach the matter fairly.

With regard to Lieutenant [F], I find that what was exhibited there was not a particular attitude towards this Lieutenant [D], whoever he might be, but was rather an attitude in general to fellow Marine officers. And I think that the pride in the commission and especially the trust and confidence in a fellow Marine are something that we need in the Marine Corps, and it's not something to be degraded in trial proceedings....

Following the military judge's denial of the challenges for cause, the trial defense counsel peremptorily challenged Lieutenant F__. In exercising the peremptory challenge trial defense counsel specifically noted that the defense had planned to exercise the peremptory challenge against a different member; however, because of the military judge's rulings, the defense was faced with the dilemma of having to exercise its one peremptory challenge against one of the two members who should have been removed for cause.

■ Constitutional standards of fairness and due process require that a defendant in a criminal proceeding have a panel of impartial, indifferent jurors. *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Impartiality in a juror is not a technical concept, but is a state of mind. The Consti-

tution lays down no particular tests for the ascertainment of this mental attitude of appropriate indifference and procedure is not chained to any ancient and artificial formula. *United States v. Wood*, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936). A trial court has a serious duty to determine the question of actual bias, and a broad discretion in its rulings on challenges therefor. In exercising its discretion, the trial court must be zealous to protect the rights of an accused. *Dennis v. United States*, 339 U.S. 162, 168, 70 S.Ct. 519, 521, 94 L.Ed. 734 (1950); *United States v. Wood, supra.*

■ Bias of a juror may be proved by direct evidence, *United States v. Haynes*, 398 F.2d 980 (2nd Cir.1968), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 124, or it may be demonstrated by circumstantial evidence. *United States v. Allsup*, 566 F.2d 68 (9th Cir.1977). Actual bias can come to light during *voir dire* by express admission of a juror or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed. *United States v. Nell*, 526 F.2d 1223 (5th Cir.1976), *aff'd*, 570 F.2d 1251. By definition, presumed bias depends heavily on the surrounding circumstances. When an accused is trying to prove presumed bias, the trial court has a duty to develop the facts fully enough so that it can make an informed judgment of actual bias. This duty cannot be discharged solely by broad, vague questions once some area of actual bias has emerged. *United States v. Corey*, 625 F.2d 704 (5th Cir.1980), *cert. denied*, 450 U.S. 925, 101 S.Ct. 1377, 67 L.Ed.2d 354; *United States v. Nell, supra.*

■ In court-martial practice a challenge for cause is addressed to the sound discretion of the military judge and his ruling will not be disturbed on appeal unless there has been a clear abuse of that discretion. *United States v. McQueen*, 7 M.J. 281 (C.M.A.1979). The test to evaluate the propriety of the judge's denial of a challenge for cause is generally stated as whether the prospective court member is mentally free to render an impartial finding

and sentence based on the evidence admitted at trial and the law as instructed by the military judge. *McQueen, supra; United States v. Parker,* 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955). While the challenging party has the burden of establishing the basis for a challenge, the military judge is expected to be liberal in his rulings but need not sustain a challenge upon the mere assertion of the challenger. *Manual for Courts-Martial, 1969 (Rev.)* (MCM), paragraph 62*h*. Recognized grounds for challenges for cause against members of a court-martial include, "Any other facts indicating that he should not sit as a member ... in the interest of having the trial ... free from substantial doubt as to legality, fairness, and impartiality." MCM, paragraph 62*f*(13).

■ With these principles in mind, we turn to the military judge's denials of the challenges for cause with respect to members F— and L—. In the first instance we note that this was a case in which the findings were fully contested. The major offenses involved allegations of defiance and hostility to superior military authority represented in the person of Lieutenant D—. The proof offered by the government in large part depended on the testimony of Lieutenant D—. This key government witness had experienced a social and professional relationship with member F— to the extent that the member freely and quite candidly admitted a predisposition to believe the witness' testimony both because of their prior acquaintance and because of the witness' professional status as a Marine officer. The appellant on the other hand was a private first class and his witnesses in defense were also lower ranking enlisted men.

■ From these facts and our examination of the entire *voir dire* dialogue, we conclude that the military judge erred in his denial of the challenge for cause against Lieutenant F—. While mere prior acquaintance or professional association of a member with a witness is not necessarily reason to sustain a challenge for cause, we believe the challenge should have been sustained in this instance where the member has admitted not only a prior social and professional relationship but also a predisposition to believe the witness because of those contacts. *United States v. Miller,* 26 C.M.R. 570 (A.B.R.1958); 3 *Wharton's Criminal Procedure* §§ 451, 455 (12th ed. 1975). See cases collected at note 80, Cum.Supp. (1982). The member's declaration that he would not automatically believe Lieutenant D—'s testimony over that of another commissioned officer of equal grade is not sufficient to dispel our doubts that because of their prior relationship the member was predisposed to believe the witness and especially so over possible conflicting testimony given by enlisted witnesses. *See United States v. Johnson,* 3 M.J. 558 (A.C.M.R.1977). In addition we note that the military judge gave no amplifying instruction to the member after his bias was revealed on his duty to decide the case solely on the evidence admitted at trial and the law as instructed by the military judge. Furthermore the member made no absolute disclaimer that he could ignore his past relationship with the witness.

■ The government urges that even if the denial of the challenge for cause against Lieutenant F— was error, appellant was not prejudiced because the member was removed by peremptory challenge. This is indeed the rule normally applied. *United States v. Boyd,* 7 M.J. 282 (C.M.A.1979); *United States v. Shaffer,* 2 U.S.C.M.A. 75, 6 C.M.R. 75 (1952); *United States v. Michaud,* 48 C.M.R. 379 (N.C.M.R.1973). In this instance, however, we are not convinced that the usual rule is determinative of the issue. In *United States v. Shaffer* the Court of Military Appeals held that the exercise of the defense peremptory challenge to remove a member unsuccessfully challenged for cause negated the risk of specific prejudice to the accused. But the Court went on to state:

> Defense has not at all contested that its cause was embarrassed or prejudiced by the fact it was required to exercise its single peremptory challenge. One who asks reversal by this Court for an error of

the character presented here must make at least a showing of fair risk of prejudice.

In *United States v. Harris,* 13 M.J. 288 (C.M.A.1982), the Court recognized that the peremptory challenge is an important codal right.[1] Again the Court found no prejudice where the defense exercised its peremptory challenge to remove a member unsuccessfully challenged for cause. In the lead opinion Judge Fletcher commented that the Court perceived no prejudice in the case because of the lack of any evidence in the record that appellant otherwise desired to exercise the right. *United States v. Harris, supra* at 292.

▬ In the instant case, however, the defense clearly manifested an intent to exercise its one peremptory challenge against someone other than Lieutenant F__. We note from the record that the defense considered itself placed in a dilemma in having to choose between Lieutenant F__ and First Sergeant L__. Had the challenge for cause been granted as to Lieutenant F__, the defense would no doubt have used the peremptory challenge against First Sergeant L__. In addition the defense stated that it had originally intended to use the peremptory challenge against a third, unspecified member. Under the circumstances we find that the failure to grant the challenge for cause against Lieutenant F__ forcing his subsequent removal by defense peremptory challenge involved a fair risk of prejudice to the appellant.

▬ The *voir dire* examination of First Sergeant L__ similarly raised the specter of a presumed or implied bias against the appellant. The First Sergeant had served as a staff noncommissioned officer over the appellant for a considerable period of time. He had occasion to counsel appellant about disciplinary and leadership failings and had formulated opinions that the appellant was a Marine who did not perform up to his potential and who was a hostile person. He remembered that appellant had been the recipient of nonjudicial punishment involving correctional custody.

In our view First Sergeant L__'s admitted prior knowledge and announced opinions of appellant were inconsistent with what one expects to find in a neutral or impartial fact-finder. Sufficient doubt of bias was raised to sustain the challenge for cause absent direct and positive rehabilitation of the member by unequivocal assurances that he could disregard the prior information and could set aside his previously formulated opinions. The member's general disclaimer that his prior dealings with the appellant would not affect his ability to hear the case is insufficient rehabilitation in this respect. *United States v. Harris, supra.* Again we note no attempt by the military judge to clearly establish that the member would decide the case solely on the evidence admitted and the law as he instructed prior to denying the challenge for cause. The military judge's conclusion that he believed the member would approach the matter fairly is not supported by the record of *voir dire* examination. The denial of the challenge for cause against First Sergeant L__ was error and his subsequent participation in the court-martial proceedings was prejudicial to appellant's substantial rights.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Chief Judge EOFF and Judge GORMLEY concur.

---

1. In *United States v. Morgan,* 6 C.M.R. 462, 464 (N.B.R.1952), the Navy Board of Review acknowledged the importance of the right, noting that "the right of an accused to one peremptory challenge should not be frittered away in the removal of an obviously disqualified member of the court." *See also United States v. Rucker,* 557 F.2d 1046 (4th Cir.1977), and *United States v. Nell, supra.*