814

UNITED STATES, Appellee,

v.

Staff Sergeant Stephen W. KLINGEN-SMITH, SSN 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, United States Army, Appellant.

CM 443353.

U.S. Army Court of Military Review.

30 Jan. 1984.

Captain Robert S. Johnson, Jr., JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Major Paul J. Luedtke, JAGC, and Captain Michael D. Graham, JAGC.

Captain Samuel J. Rob, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas M. Curtis, JAGC.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

OPINION OF THE COURT

COHEN, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial of making a false official statement, simple arson and three specifications of maliciously

conveying false information by telephone in violation of Articles 107, 126 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 926 and 934 (1976). The offenses of maliciously conveying false information consisted of two bomb threats to the military police and one telephone call to the German police concerning the location of a dead body. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for one year, and reduction to the grade of Private E–1. The convening authority approved the sentence.

On appeal appellant contends that the military judge erred by denying his challenge for cause against a court member. Appellant alleges he was thus forced to exercise his peremptory challenge against the member. As a result, appellant was unable to exercise his peremptory challenge against another objectionable court member.

At trial, defense counsel challenged two court members, Lieutenant Colonel (LTC) H and Captain (CPT) K, for cause. Both of these individuals had indicated their wives had received threatening or obscene telephone calls. Lieutenant Colonel H stated that while he had never been personally threatened, during the last six or eight months of his previous assignment his wife had received threatening and obscene phone calls. When asked what effect the calls had on his life, LTC H stated that although the calls were not "devastating," his home life was disrupted. Lieutenant Colonel H stated he understood that people have various motives for making such phone calls. Lieutenant Colonel H also indicated that he thought he could listen to the evidence in appellant's case and render a just sentence based on the circumstances of the case.

Conceding that LTC H's verbal responses reflected that his life had not been affected by the phone calls, trial defense counsel maintained that he perceived in LTC H a "stiffness of jaw, ... tightness of ... lip" which indicated that LTC H had been disturbed by the calls. The Government responded that there was no evidence that LTC H had any bias or would not be a proper court member. The military judge denied the challenge for cause against LTC H.

The second challenged court member, CPT K, related that his wife had received a series of obscene phone calls in 1974, 1980 and just prior to appellant's court-martial. Captain K described the most recent calls as very obscene and disturbing. These calls caused him "quite a bit of concern." Asked whether these calls would affect his determination of an appropriate punishment in appellant's case, CPT K stated he did not believe they would. When asked if he could disregard the incidents in his own life, CPT K said he could but added "if this were the individual involved it would definitely affect me. . . . " The military judge assured CPT K that he would not be sitting as a court member if that were the case. Neither counsel asked any further questions. Trial defense counsel challenged CPT K on the basis that he had verbally stated the telephone calls received by his wife had caused "great alarm and disruption." The trial counsel opposed the challenge since CPT K stated he could evaluate the case on the evidence. Trial counsel also contended that appellant's offense differed from the one suffered by CPT K since appellant made his calls to an "impersonal body." The military judge denied the challenge for cause. Defense counsel stated he was "forced to use" his peremptory challenge against CPT K.

If one accepts the responses of each challenged member as accurately reflecting his state of mind, the record shows no bias against appellant. The challenges against these court members were based on their prior experiences with obscene telephone calls. Both members had their home lives disrupted because of harassing phone calls. Their status as "prior victims" was the only factor which arguably indicated that these court members may have held a bias against appellant. Neither LTC H nor CPT K admitted any bias against appellant in particular or against people who made harassing phone calls in general. Any bias held by these court members was a general

bias against obscene phone callers. Such a bias is shared by all law-abiding citizens and is not disqualifying if it will yield to the evidence and the instruction of the military judge. *See United States v. Yarborough,* 14 M.J. 968, 971 (A.C.M.R.1982), *pet. granted,* 15 M.J. 332 (C.M.A.1983).

Both challenged court members indicated that their experiences would not affect their determination of an appropriate sentence in appellant's case. Appellant, however, citing *United States v. Harris,* 13 M.J. 288 ·(C.M.A.1982), argues that the assurances provided by CPT K were insufficient as a matter of law to remove the defense's valid objection to CPT K's presence as a court member. This assertion of error is based on two assumptions: (1) that CPT K's answers gave rise to a presumption of bias [*] which provided the defense with a valid basis for challenging CPT K; and (2) that the subsequent inquiry into CPT K's ability to serve impartially was inadequate to remove this presumption. We find that appellant's first assumption is unsupported and that, even if it were supported, under the rationale of *United States v. Harris, supra,* the military judge's questioning of CPT K was sufficient to remove any objection to his presence.

█ The mere fact that CPT K's wife was a victim of harassing phone calls does not support a presumption that CPT K was biased. *Cf. Bass v. Estelle,* 696 F.2d 1154 (5th Cir.1983) (no error to refuse to discharge juror who had been assaulted one month before beginning her service on capital case); *State v. Watson,* 511 S.W.2d 890 (Mo.App.1974) (defendant charged with robbery not entitled to have two jurors struck although they had been robbery victims); *Hall v. State,* 89 Nev. 366, 513 P.2d 1244 (1973) (that juror became burglary victim during burglary trial does not, in and of itself, disqualify her). Moreover, no significant nexus exists between appellant's case and CPT K's experiences which suggests CPT K should be disqualified. The phone calls received by CPT K's wife differed substantively from the phone calls made by appellant; appellant's phone calls were generalized threats against an impersonal agency, not obscene phone calls which invaded an individual's private domain. Captain K's experiences simply did not have such a close connection to appellant's case that bias may be presumed. The initial premise of appellant's argument fails.

In any case, even if the facts gave rise to a presumption that CPT K was biased, the *voir dire* of CPT K was sufficient to rebut such a presumption. In *United States v. Harris,* the Court stated that a military judge may not deny a challenge for cause based solely upon the member's declaration of impartiality where actual bias is shown or where the circumstances "raise an 'appearance of evil' in the eye of disinterested observers." 13 M.J. at 292. *Harris* articulates a concern that the procedure for testing a court member's impartiality be sufficient to provide a reasonable assurance that prejudice will be discovered if present. *See also United States v. Mason,* 16 M.J. 455 (C.M.A.1983); *United States v. Nell, supra.* As the probability of the existence of prejudice increases, the procedures for testing a court member's impartiality must necessarily become more stringent to assure that such prejudice will be detected if actually present. Applying this principle to appellant's case, we find the military judge's questioning of CPT K was sufficient to assure that any existing prejudice would be

---

[*] A challenge for cause is confined to instances where threats to impartiality are "actual" or "implied." "Actual" bias may be shown by express admission or by proof of specific facts which point so sharply to bias in a member that his own denials of bias must be discounted. The latter type of "actual" bias has been referred to as presumed bias. The Court in *United States v. Harris,* seems to have contemplated this type of bias when it stated "where circumstances are present which raise 'an ap-

pearance of evil' in the eye of disinterested observers, mere declarations of impartiality ... are not sufficient ... to insure legal propriety." 13 M.J. at 292 (citations omitted).

The term "implied bias" has been used by the Supreme Court to mean bias as a matter of law and is typically reserved for members who have a special relationship, be it familial, financial, or situational, with any of the parties involved in a case. *See United States v. Nell,* 526 F.2d 1223, 1229 n. 8 (5th Cir.1976).

discovered. Under these circumstances, the military judge, having personally heard and observed the challenged court member, did not abuse his discretion in denying appellant's challenge for cause against CPT K. *United States v. Pollack,* 9 M.J. 577 (A.F.C. M.R.), *pet. denied,* 9 M.J. 393 (C.M.A.1980). Similarly, the denial of the challenge for cause against LTC H was also proper.

We have considered the remaining assignments of error raised by appellant, including the contention that his sentence is too severe, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.