UNITED STATES, Appellee,

v.

Private First Class Jose GARCIA, 583–75–9290, United States Army, Appellant.

ACMR 8702650.

U.S. Army Court of Military Review.

19 July 1988.

For appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was tried by a general court-martial composed of officer members and, consistent with his pleas, convicted of distribution of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ], and sentenced to a dishonorable discharge, confine-

ment for one year, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved a sentence of a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to the lowest enlisted grade. Before this court, appellant argues that the military judge erred in denying two challenges for cause against two senior officer members who were raters of two other officers on the panel.

Citing *United States v. Murphy*, 23 M.J. 764 (A.F.C.M.R.1986), *certificate for review filed*, 23 M.J. 347 (C.M.A.1987), *petition for grant of review filed* (cross petition), 24 M.J. 75 (C.M.A.1987), appellant urges us to adopt a *per se* rule, that is, that a rater and one who is rated by him cannot serve on the same court-martial. We decline the invitation. We believe that the *Murphy* court misread *United States v. Harris*, 13 M.J. 288 (C.M.A.1982), in rendering its decision.

In *Harris*, the Court of Military Appeals determined that the military judge erred in permitting a member challenged for cause to sit, but found no prejudice since the member was removed from the court-martial by peremptory challenge. While the challenged member was the rater of three other court members, there were several other facets to the challenge: he had a working relationship with two of the theft victims, endorsed their efficiency reports, and had been told of the thefts by them. Further, as part of his regularly assigned duties, he was chairman of the base committee tasked to survey areas that had property losses. *Id.* at 289–291. In light of this variety of factors, the Court of Military Appeals was concerned about the existence of bias against Harris by the challenged member and the perception of fairness resulting from his sitting on the court-martial. *Id.* at 291. The military judge had permitted the challenged member to sit since the member has disclaimed a personal interest in the results of the trial and had stated that he could be impartial. *Id.* The Court determined that mere disclaimers were insufficient, particularly since there were uncontroverted facts in the record which raised the question of bias. *Id.*

We do not read *Harris* as suggesting that a rating relationship carries such an element of coercion that the rated member cannot freely and impartially perform his duties in the presence of his rater. A convening authority is tasked with detailing members for court-martial duty who are "best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament." UCMJ art. 25(d)(2), 10 U.S.C. § 825(d)(2). It is an entirely appropriate assumption that those so selected will properly perform their duties. Should a rating relationship exist, it is, as we have recognized, "a matter of concern for the military judge, the government, and defense counsel." *United States v. Eberhardt*, 24 M.J. 944, 946 (A.C.M.R.1987). It is not *per se* improper. *Id.* Defense has failed to show any need or reason to establish a *per se* rule and, in the absence of any such basis, we decline to exercise our supervisory powers to establish such a rule. Most recently, although not required by the Uniform Code of Military Justice or the Manual for Courts–Martial, in *United States v. Moore*, this court, in the exercise of our supervisory powers over the administration of military justice in U.S. Army courts-martial, formulated a *per se* rule to implement the non-discriminatory policies underlying the holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) so as to reduce the probability that peremptory challenges could be influenced by consideration of race. *Moore*, 26 M.J. 692 (A.C.M.R.1988) (en banc). No such overriding social or judicial concern is present here.

A rating relationship does, however, merit inquiry during voir dire and appropriate action on the basis of the member's responses. Reviewing the record in this case, and recognizing that challenges for cause should be liberally granted, *United States v. Moyar*, 24 M.J. 635, 639 (A.C.M.R.1987), we find that the military judge did not err in denying the challenges for

cause. The rating relationships were shown at trial; the military judge then queried the rated officers if the presence of their raters would cause them to hesitate in expressing their opinions in deliberations, to which the rated members each responded in the negative.[1] Trial defense counsel did not in any way pursue the effect of the rating relationship on either the raters or the rated officers. We do not believe that the mere presence of a superior and subordinate relationship between court-members "would cause the average person familiar with the facts to reasonably question the impartiality" of the military court. *United States v. Bolen*, 26 M.J. 83 (C.M.A.1988) (summary disposition). In the absence of any showing of potential specific prejudice, it was not error to permit both rater and rated officers to sit on the court-martial.

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Judge LYMBURNER and Judge SMITH concur.

---

1. Interestingly, the rated members were queried as to any hesitation they would feel. No questions were directed to the raters, yet it was the raters' presence that the appellant challenged and cites as error. There are, in fact, two elements in a case involving a rating relationship: a rater in a position to influence and a rated officer in a position to be affected. In a case where the rater would find it difficult not to exercise his or her authority in the superior-subordinate relationship, it is the rater who should be removed from the court-martial. However, where it is the rated officer who would be reluctant to act independently in the presence of the rater, it is the rated officer who should be excised. The recognition of this dichotomy reinforces our conclusion that a *per se* rule should not be applied. The appropriate action to be taken in a given case will depend on whether either member should not sit on the court-martial. We see no rationale whatsoever for removing a senior officer if it is his or her subordinate who cannot act in a professionally responsible way.