UNITED STATES, Appellee,

v.

Sergeant Charles A. DeNOYER,
364–72–2728, United States
Army, Appellant.

Army 9500422.

U.S. Army Court of Criminal Appeals.

29 May 1996.

For Appellant: Lieutenant Colonel Michael L. Walters, JA; Captain Christopher T. Whelan, JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Anthony P. Nicastro, JA (on brief).

Before CAIRNS, RUSSELL, and CARROLL, Appellate Military Judges.

OPINION OF THE COURT

CARROLL, Judge:

Appellant was tried before a general court-martial composed of officer and enlisted members. Pursuant to his pleas he was found guilty of indecent assault, indecent language, and solicitation to commit adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ]. He was also convicted, contrary to his pleas, of two additional specifications of indecent assault and two other specifications of indecent language. The approved sentence consisted of a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the assignment of error, the government's reply thereto, and those errors personally raised by the appellant. In the assignment of error, the appellant asserts that the military judge improperly limited voir dire by not allowing trial defense counsel to conduct individual voir dire of those panel members who were within the rating chains of other panel members. While we fully support the proposition that the appellant should have considerable latitude in examining members, we disagree that the military judge abused his discretion with respect to the restrictions he placed on the voir dire process in this case.

## FACTS

The military judge, in calling the court to order in the presence of the panel members, provided them with preliminary instructions. These included the instruction, "If you know of any matter that you feel might affect your impartiality to sit as a panel member, you must disclose that matter when asked to do so." He listed various possible grounds for challenge including, "any matter that might affect your impartiality." Among his questions of the panel members, he asked, "Does any member, for any reason, feel that you would be unable to try this case fairly and impartially?"

The military judge permitted the defense counsel to conduct voir dire, and the defense counsel asked in excess of twenty-five questions, some repetitious, in a variety of areas. There is no indication that the military judge limited either the number or the type of questions the defense counsel could ask. Through the voir dire process, the defense counsel identified possible rating or supervisory relationships among five of the nine panel members, with three in one chain and two in another. He elicited no further information concerning these relationships or their impact, but. asked subsequent questions in other areas.

After the defense counsel concluded his voir dire of the panel members, the military judge asked trial and defense counsel outside the presence of the members for any challenges for cause. The defense counsel requested to conduct individual voir dire with those panel members who had rating or supervisory relationships within the panel. The military judge summarily denied the request. The defense counsel then stated his reasons for seeking individual voir dire. These reflected the general desire of counsel to ensure that each panel member could operate free of restraint from his rater. The military judge responded as follows:

> Well, let me state for the record, then, so you understand next time, that you can ask any question you want to in front of the members and, if you have a need for individual voir dire, you'll get individual voir dire. But, just because one person happens to be in the rating chain of another, isn't enough. So, ask your questions in front of the panel if you wish, or, if you wish not to, that's up to you too.

The defense counsel did not ask for further group voir dire. He made no challenges for cause, but challenged peremptorily a member who had no rating or supervisory relationship with any other panel member. Before the panel entered into deliberations on the merits of the case, .the military judge instructed the panel members, "The influence of superiority in rank will not be employed in any manner in an attempt to control the independence of the members in the exercise of their personal judgment."

## DISCUSSION

▮▮▮ The issue before the court is whether the military judge abused his discretion in ruling that the defense counsel had failed to demonstrate a need for individual voir dire when the sole basis for the request was the existence of rating or supervisory relationships among some of the panel members. Case law recognizes that such relationships are a matter of serious concern to any accused, and the appellant had a legitimate interest in ensuring that each individual who sat in judgment of him was free from the pressure to conform his opinion and vote to that of his supervisor/rater. *United States v. Garcia*, 26 M.J. 844 (A.C.M.R.1988); *United States v. Eberhardt*, 24 M.J. 944 (A.C.M.R.1987). An accused is entitled to explore the nature of relationships existing among panel members. *United States v. Blocker*, 32 M.J. 281 (C.M.A.1991). That is not to· say that the accused has unfettered discretion in how he elicits this information. The Manual for Courts–Martial, United States (1995 edition), provides that "[t]he nature and scope of the examination of members is within the discretion of the military judge." Rule for Courts–Martial 912(d) discussion. In the case before us, the military judge did not prohibit the defense counsel from exploring the rating relationships among the panel members. He advised defense counsel that he had not elicited sufficient information to warrant individual voir dire. The defense counsel, who demonstrated considerable skill in ·utilizing group voir

dire to the benefit of his client and who demonstrated the self-assurance to make a record of his position after the military judge denied individual voir dire, did not ask to pursue group voir dire consistent with the military judge's outlined procedure. While not necessarily a substitute for more extensive voir dire, the military judge ensured the members knew that they were expected to act impartially and that the influence of rank would not be employed. We conclude, under the circumstances of this case, that the military judge's denial of individual voir dire was not an abuse of his discretion. *United States v. Loving*, 41 M.J. 213 (1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 39, 132 L.Ed.2d 920 (1995); *United States v. Parker*, 6 U.S.C.M.A. 274, 280, 19 C.M.R. 400, 406 (1955).

■ Despite our holding, we do not endorse the military judge's perfunctory treatment of this sensitive issue. Rather, we encourage military judges to ensure for the record that members who are in the rating or supervisory chains of other members will not be inhibited, embarrassed, or restrained in the exercise of their independent judg-

ment. We have observed that military judges who conduct the suggested voir dire found in Dep't of Army, Pam. 27–9, Military Judges' Benchbook, chap. 2 (1 May 1982), routinely and effectively ensure through the voir dire/challenge process that panels are unencumbered by improper influences arising from rating/supervisory relationships. This process eliminates needless appellate issues regarding the independence of the members, and it should enhance the perception of fairness held by the accused and the public.

We have reviewed the remaining errors raised personally by the appellant and find them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge RUSSELL concur.