## UNITED STATES

v.

**Staff Sergeant Robert E. MURPHY, Jr., FR 317–58–9430, United States Air Force.**

**ACM 25477.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 April 1986.

Decided 5 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport and Lieutenant Colonel Morris A. Tanner, Jr.

Before HODGSON, FORAY and MICHALSKI Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The facts in *United States v. Harris*, 13 M.J. 288 (C.M.A.1982), an Air Force trial, are virtually identical to those before us today. In *Harris, supra,* the Court of Military Appeals held that the trial judge erred in denying a challenge for cause against a member who was the president of the court and who wrote or endorsed the effectiveness report of three other members. There, the trial judge after receiving the challenged member's assurances that he had no personal interest in the case and would remain impartial, denied the challenge stating:

[The member] indicated that he had no direct personal interest in the results of the trial and that he was free, mentally, to render a fair and impartial verdict after hearing the evidence and law. I will deny the defense's challenge for cause.

The Court of Military Appeals found this rationale inadequate, as *a matter of law,* as a basis for denying the challenge. The Court went on to state that "where circumstances are present which raise 'an appearance of evil' in the eye of disinterested observers, mere declarations of impartiality, no matter how sincere, are not suffi-

cient by themselves to insure legal propriety." *Harris, supra,* at page 292. The Court pointed out that disclaimers of this nature are not unusual in military or civilian practice when a court member is challenged on the basis of actual bias. It placed emphasis on the fact that the challenged member was in a position to improperly influence the determination of the accused's sentence.

In the case at bar, the president of the court and another senior member, both colonels, wrote or endorsed the effectiveness reports on two other members. Both colonels assured the trial judge that this circumstance would not be used by them in an attempt to influence the judgment of the other members. The trial judge, in denying the challenge to both, indicated:

> I observed Colonel [A] and Colonel [C] while they were answering questions; I was most impressed with their demeanor and most impressed with their desire to put those matters aside and decide the cases solely on the evidence without regard to their relationships to these individuals.

In our view there is not a significant difference between the situation described in *Harris* where the Court of Military Appeals found that the trial judge erred in denying the challenge for cause, and this case. While we are confident that the challenged members were sincere in their declarations of impartiality, the guidance set forth in *United States v. Harris, supra,* is clear.

Since the appellant's conviction of sodomy with a child under 16 years of age, assault, and multiple allegations of indecent acts with a child under 16 years of age is based on a pre-trial agreement properly entered into, the findings of guilty as to those offenses are affirmed. For the reasons stated, the sentence is set aside. A rehearing on sentence may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.