**UNITED STATES**

v.

**Staff Sergeant Robert E. MURPHY, Jr.,
FR 317–58–9430, United States
Air Force.**

**ACM 25477 (recon).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 April 1986.

Decided 12 Dec. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport and Lieutenant Colonel Morris A. Tanner, Jr.

Before HODGSON, FORAY and MICHALSKI Appellate Military Judges.

DECISION UPON RECONSIDERATION

HODGSON, Chief Judge:

On consideration of appellate government counsel's MOTION FOR RECONSIDERATION, dated 20 November 1986, and noting that appellate defense counsel does not oppose the MOTION FOR RECONSIDERATION,

NOW, THEREFORE, it is by the Court, this 12th day of December 1986,

ORDERED:

That the MOTION FOR RECONSIDERATION be and the same is, hereby GRANTED.

In our original decision, *United States v. Murphy*, 23 M.J. 690 (A.F.C.M.R.1986), we concluded that the trial judge erred in not granting a challenge for cause against senior members of the panel who wrote or directly endorsed the effectiveness reports of two other members. Our reading of *United States v. Harris*, 13 M.J. 288 (C.M.A.1982) led us to reason that such a circumstance raised "an appearance of evil in the eye of disinterested observers" notwithstanding sincere declarations of impartiality by the challenged members.

█ Appellate government counsel filed a motion for reconsideration of that decision urging that we misread *Harris* and that two additional factors were present in *Harris* that are not present here, i.e., the challenged member there was the chairman of the base resource protection committee and additionally he supervised the two victims of the alleged theft. They further suggest that our *per se* rule of disqualification in this area makes it extremely difficult at many installations to assemble a court to include senior members who are not potential additional raters or endorsers of other members.

█ Addressing the second concern first, we find it difficult to believe that a special court-martial convening authority cannot select at least three members who are not disqualified under the circumstances we considered in *Murphy*, or that a general court-martial convening authority cannot select at least five. See Article 16(1)(A) and (2)(A), U.C.M.J., 10 U.S.C. § 816(1)(A), (2)(A). Accordingly, there appears to be no substantial impact on the administration of military justice because of the rule we are espousing. We did not in our original decision nor do we today expand the category of individuals subject to those members who are "potential additional raters or endorsers of other members." Rather, our prohibition is against members rating other members who are, in the ordinary course of affairs, in their direct supervisory chain. The rater-ratee relationship must be actual not merely a possibility. *See generally United States v. Carfang*, 19 M.J. 739 (A.F.C.M.R.1984).

We acknowledge there are factual differences in *Harris* that are not present in this case; however, we read *Harris* as an attempt to insure that the military justice system is not only fair, but seen by others to be fair. We consider the holding in our initial *Murphy* decision to be a logical extension of that principle. We are aware that a higher appellate court might well disagree with our conclusion and the reasoning supporting it. We welcome their guidance.

█ Appellate government counsel also suggest that our creation of a *per se* rule regarding challenges in this area will create turmoil in cases already tried but pending appeal. This is a reasonable concern. Our decision in *Murphy* does create a basis for challenge that the trial bench and the bar were unaware of. The granted relief in a case may be limited to that appellant whose case was chosen as the vehicle for establishing the new standard. *See Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). Accordingly, the new standard will be applied prospectively to cases tried 30 days from the date of this decision. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969).

Except as modified herein, our decision in the appeal of *United States v. Murphy*, 23 M.J. 690 (A.F.C.M.R.1986) is

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.