UNITED STATES, Appellee,

v.

Private First Class Darrell R. EBERHARDT, 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, United States Army, Appellant.

ACMR 8700822.

U.S. Army Court of Military Review.

17 Sept. 1987.

For Appellant: Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC

Before COKER, CARMICHAEL, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

Pursuant to his pleas, appellant was convicted of committing an aggravated assault by pointing a loaded pistol at a fellow soldier and for violating a lawful general regulation by storing the pistol in his wall locker, in violation of Articles 128 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 892 (1982) [hereinafter UCMJ]. He was sentenced, by a court composed of officer and enlisted members, to a bad-conduct discharge, total forfeitures, and reduction to Private E–1. The convening authority reduced the forfeitures to forfeiture of $438.00 pay per month for ten months but otherwise approved the sentence.

Appellant contends that the military judge abused his discretion by denying appellant's challenges for cause against members who were rated by other members of the panel. This court does not accept the rationale presented by appellant but does find that the military judge abused his discretion in failing to grant a challenge for cause against one of the members.

During *voir dire* of the court-martial members by both counsel and the military judge, several facts were established. First, Colonel R was the senior rater of Captain (CPT) H. They had periodic, inter-mittent contact in their professional duties. Second, First Sergeant P was the first sergeant in the same company in which Sergeant First Class (SFC) L was the mortar platoon sergeant. Sergeant First Class L worked for First Sergeant P and occasionally was the acting first sergeant. However, he received all duty assignments and instructions from his platoon leader and company commander and he was rated by those same officers. Third, Lieutenant Colonel (LTC) M was the rating officer of Major M. Lieutenant Colonel M was a strong proponent of gun control laws. He expressed disagreement with the installation regulation which appellant is charged with violating, because it confirmed the right of individuals to possess firearms and he opined that no one had an "inalienable," or "inherent" right to possess firearms. Fourth, Major M had daily contact with LTC M who was his direct supervisor. In addition, the wife of Major M had been the victim of an aggravated assault approximately three years prior to appellant's trial. The perpetrator, who apparently used a blunt instrument and an instrument with a sharp blade, was never identified or apprehended. Major M still had vivid memories of the incident.

On these facts, defense counsel challenged SFC L, CPT H, and Major M for cause on the basis of their being rated by another member of the panel. The military judge denied these challenges, basing his decision on the strong exculpatory declarations made by the members in response to the military judge's leading questions. Defense counsel also challenged Major M for cause on the basis of his memories of the incident involving his wife. The military judge, after expressing some concern, denied this challenge. He determined that the assault against Major M's wife was not sufficiently similar to the type of assault before the court to adversely affect Major M. The government exercised its peremptory challenge against CPT H and appellant exercised his peremptory challenge against Major M and proffered that, had his challenges for cause been granted, he would have used his peremptory challenge

against another member of the panel. That member was not identified.

■ The issue of the correctness of the military judge's rulings on the challenges was preserved for review by the defense counsel in his proffer that another member would have been peremptorily challenged but for the denial of his challenges for cause. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 912(f)(4). Under the circumstances, the failure of defense counsel to identify the other member who would have been peremptorily challenged is not significant. There were two additional choices, SFC L who had been challenged for cause, and LTC M who, although not challenged, was certainly a potential subject for challenge.

■ This court is cognizant of the decision in *United States v. Murphy,* 23 M.J. 764 (A.F.C.M.R.1986), *certificate for review filed,* 23 M.J. 347–48 (C.M.A.1987), *petition for grant of review filed* (cross petition), 24 M.J. 75 (C.M.A.1987). A panel of the Air Force Court of Military Review created a *per se* rule that disqualifies any member who is the rating officer of another member. We agree that the existence of a rater-rated relationship on a panel ought to be a matter of concern for the military judge, the government, and defense counsel. Any circumstance that may evidence an improper influence on a member of the panel, the accused, counsel, or the military judge is always a matter of concern. *See* UCMJ arts. 37, 98; *United States v. Thomas,* 22 M.J. 388 (C.M.A.1986) (in the event of unlawful command influence findings and sentence may be affirmed only if reviewing court is persuaded beyond a reasonable doubt that such influence did not affect result), *cert. denied,* —— U.S. ——, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987); *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969) (military judge must insure that guilty plea is voluntary). Circumstances of this nature are of serious concern and demand additional inquiry at both the trial and appellate level: they are not, however, *per se* improper.

A requirement disqualifying or severely limiting rating officers from serving on a court-martial panel would create a difficult if not impossible situation for a Naval ship in the Persian Gulf, a small and relatively isolated Army post in Italy or an Air Force unit deployed to a remote area of Latin America. Realizing that our system of military justice must work in war as well as peace, such a *per se* rule would create a military justice "nightmare" for a commander in a combat zone. Accordingly, the *per se* disqualification rule espoused by appellant would adversely impact on the administration of military justice, and in times and places of increased national need, the impact would be severe, potentially to the point of requiring a commander to choose between justice and mission.

The officer and enlisted evaluation reporting systems largely determine the quality of the officer corps and senior enlisted leadership of the Army, as well as support Army personnel management programs. Army Regulation 623–105, Personnel Evaluation Reports: Officer Evaluation Reporting System (OERS) (1 April 1987); Army Regulation 623–205, Personnel Evaluation Reports: Enlisted Evaluation Reporting System (EERS) (1 April 1987). The rating chain corresponds as nearly as practical to the chain of command and supervision within an organization, regardless of component. As the basis for determining who shall be retained, promoted, or eliminated, the OERS and EERS are essential tools in the professionalism of the Army and in the enhancement of mission effectiveness. At the heart of these systems is the relationship and communication between the rated individual and the rater who directly supervises that individual. A legalistic rule that breaches this relationship, on the premise that the mere relationship is untrustworthy, is a direct attack on the very heart of a professional Army. In the absence of error that materially prejudices the substantial rights of an accused, any rule that undermines the professionalism and mission effectiveness of the Army will be rejected by this court.

Appellant has provided no rationale for accepting a *per se* disqualifying rule, other

than citing the decision in *Murphy*, 23 M.J. 764. Since the analysis and rationale in *Murphy* are ambiguous, we are unpersuaded as to the validity of its result and thus decline to follow the Air Force decision. While rejecting any *per se* rule, we recognize that a rater may attempt to influence a rated individual, or that a rated individual may be subject to such influence. For that reason, careful inquiry of both raters and rated individuals regarding their relationships is necessary.

■ Based on the circumstances of the instant case, we are not satisfied that the proceedings are free from substantial doubt as to legality, fairness, and impartiality. We are concerned with the incident involving the wife of Major M and its obvious and continuing impact on Major M. Our concern is heightened by the presence of his direct supervisor on the panel, LTC M, and by LTC M's strong feelings regarding gun control. The mere exculpatory declarations of impartiality by such members in response to mechanical, leading,

rehabilitative questions by the military judge are not sufficient to overcome the appearance of evil or to insure legal propriety. *United States v. Smart*, 21 M.J. 15, 19–20 (C.M.A.1985); *United States v. Moyar*, 24 M.J. 635, 639 (A.C.M.R.1987). In the interests of both fairness and the appearance of fairness, the challenge against Major M should have been granted, and the denial of the challenge was a clear abuse of discretion by the military judge.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge CARMICHAEL and Judge KENNETT concur.