**550**

UNITED STATES, Appellee,

v.

Specialist Four Terry W. EVANS, 304–66–3497, United States Army, Appellant.

CM 447204.

U.S. Army Court of Military Review.

25 March 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before DEFORD, KANE, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND AND ACTION ON PETITION FOR NEW TRIAL

PER CURIAM:

Appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of rape, forcible sodomy, and aggravated assault in violation of Articles 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 928 (1982), respectively. His sentence to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to the grade of Private E1 was approved by the convening authority.

On 14 November 1986, this court modified the findings of guilty of the sodomy charge, but otherwise affirmed the findings and the sentence. *United States v. Evans*, 23 M.J. 665 (A.C.M.R.1986). Our decision was based on consideration of numerous allegations of error raised by appellate defense counsel and personally by appellant.

On 27 April 1987, appellant, through counsel, filed a petition for grant of review before the United States Court of Military Appeals. In addition to the four issues briefed by counsel, appellant raised numerous other issues *pro se*. Soon thereafter, on 5 May 1987, the Court of Military Appeals received a *pro se* "Petition for New Trial" from appellant. This petition for new trial asserted some thirteen allegations of error on which appellant urged relief. On 15 July 1987, another *pro se* pleading, styled "Brief in Support of Petition for New Trial," was filed before the Court of Military Appeals. In that pleading, five allegations of error were asserted.

On 12 August 1987, appellate government counsel filed with the Court of Military Appeals both an "Answer to the Petition for New Trial" and a "Motion to Remand" to this court. The motion to remand argued that many of the errors raised in the "Petition*s* " [emphasis added] for new trial were not "new trial" issues, but instead were issues which should properly be considered on direct appeal. In addition, the government argued, because many of the issues were asserted for the first time before the Court of Military Appeals, the issues should first be considered by this court. On 3 September 1987, the Court of Military Appeals set aside our initial decision in this case, granted the government's motion to remand, and returned the record of trial to this court for further review. *United States v. Evans*, 25 M.J. 210 (C.M.A.1987) (summary disposition).

On 13 October 1987, ·appellate defense counsel filed a pleading with this court arguing the trial judge at appellant's trial had abused his discretion by denying a challenge for cause against one of the court members who was rated by another member of the same court-martial panel. This issue had previously been raised by appellant *pro se*. Thereafter, on 16 October 1987, appellant filed additional *pro se* matters with this court. On 18 November 1987, appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), filed a motion with this court requesting leave to file witness request.[1] This request for witnesses supported an earlier request for a hearing, pursuant to *United States v. Dubay*, 37 C.M.R. 411 (C.M.A.1967), which had been requested in his "Petition for New Trial." On 6 January 1988, in a *pro se* response to the government's opposition to his request for a new trial, appellant raised additional allegations of error. These allegations related to previous assertions of ineffective assistance of trial defense counsel and command influence, among others.

On 1 March 1988, appellant, *pro se*, requested this court appoint a special master to investigate alleged illegal actions taken by his brigade commander in authorizing a search of appellant's apartment in Germany prior to trial. Appellant had previously, for the first time on appeal, challenged this search of his apartment. Finally, also on 1 March 1988, appellant, in a reply to the government's opposition to the *pro se* petition"*s* " for new trial, repeated allegations he had previously made.

We have carefully considered all allegations of error asserted in this case and deem them to be without merit. Some of the allegations will, however, be addressed.

■ The allegations of error originally raised by appellant and his counsel before this court are without merit. The reasons for this part of our decision are set out in our prior opinion, which is incorporated in this opinion by reference. *United States v. Evans*, 23 M.J. 665 (A.C.M.R.1986). Subsequent decisions by the Court of Military

---

1. Appellant requested he be permitted to personally present oral argument before this court. By separate opinion, dated 20 November 1987, we denied his request. *United States v. Evans*, 25 M.J. 699 (A.C.M.R.1987).

Appeals support our initial analysis. *See, e.g., United States v. Arnold*, 25 M.J. 129 (CMA 1987); *United States v. Welch*, 25 M.J. 23, 25–26 (CMA 1987) (medical diagnosis or treatment exception); *United States v. Rousseau*, 25 M.J. 188 (C.M.A.1987) (summary disposition). The allegation of error with regard to the challenge for cause issue is also deemed without merit. *United States v. Eberhardt*, 24 M.J. 944 (A.C.M.R.1987). Appellant's allegations of error addressing an improper search and seizure were not raised at trial. As such, those issues were waived. Mil.R.Evid. 311(d)(2)(A).

■ We have also considered appellant's *pro se* requests for a new trial. Motions for new trial are " 'not regarded with favor and should be granted only with great caution.' " *United States v. Bacon*, 12 M.J. 489, 492 (C.M.A.1982) (citation omitted). Determination of whether sufficient grounds for granting a petition for new trial in the military rests " 'within the [sound] discretion of the authority considering ... [that] petition.' " *United States v. Bacon*, 12 M.J. at 492, citing *United States v. Lebron*, 46 C.M.R. 1062, 1066 (A.F.C.M.R.), *petition denied*, 46 C.M.R. 1323 (C.M.A.1973). Our ability to weigh trial testimony or exercise fact finding powers is limited solely in that our broad discretion may not be abused. *United States v. Bacon*, 12 M.J. at 492.

■ Appellant has failed to demonstrate a new trial is warranted. His allegations concerning recanted testimony and fraud upon the court are untenable at best and do not require a new trial. *See e.g. United States v. Scott*, 8 M.J. 853, 856 (N.C.M.R.) (perjured testimony would not have substantial effect on findings), *aff'd*, 9 M.J. 280 (C.M.A.1980) (summary disposition). Also, in *United States v.*

*Chadd*, 32 C.M.R. 438, 442 (1963), the Court of Military Appeals, in addressing a "newly discovered evidence" allegation, mandated the petitioner must show injustice resulted from the findings. The petitioner must also demonstrate that the evidence, if considered by the court-martial, "would probably produce a substantially more favorable result for the accused." *United States v. Chadd*, 32 C.M.R. at 442; *United States v. Bacon*, 12 M.J. at 491. Here, appellant, in his allegation based on newly discovered evidence, has failed to satisfy the *Chadd* requirements.

■ Finally, appellant asserted as error several alleged instances of ineffective assistance of counsel. An affidavit by trial defense counsel filed with this court in response to appellant's allegations convinces us beyond any doubt that the claims of ineffectiveness are unfounded. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Accordingly, the court affirms only so much of the findings of guilty of the Specification of Charge II and Charge II as find that appellant did, at the time and place alleged, commit sodomy with Michelle R. Evans by force and without the consent of the said Michelle R. Evans, in violation of Article 125, UCMJ. The remaining findings of guilty and the sentence are affirmed. The Petition for New Trial is denied. Pursuant to the direction of the United States Court of Military Appeals, *United States v. Evans*, 25 M.J. at 210, the record is returned to that court.