74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry W. EVANS, Petitioner-Appellant,
v.
William L. HART, Commandant of United States Disciplinary
Barracks, Respondent-Appellee.
 No. 94-3222.
(D.C.No. 92-3086-AJS)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 
 Before SEYMOUR, Chief Judge, EBEL, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner is an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. While serving in the United States Army, he was convicted of rape, forcible sodomy and aggravated assault of his four-year-old daughter. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E-1, and confinement for life. On direct appeal, the Army Court of Military Review (ACMR) affirmed the conviction and sentence. United States v. Evans, 23 M.J. 665 (A.C.M.R.1986). Petitioner sought review in the Court of Military Appeals. Because he raised new issues, the government moved for a remand. The court granted the motion for remand and set aside the earlier decision. 25 M.J. 210 (C.M.A.1987). On remand, the ACMR considered the new issues, as well as the ones raised earlier, and again affirmed. 26 M.J. 550 (A.C.M.R.1988). The Court of Military Appeal also affirmed, 27 M.J. 447 (C.M.A.1988), and the United States Supreme Court denied certiorari, 490 U.S. 1092 (1989).
 
 
 3
 Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in the district court. The district court found that all of the issues raised either had been fully and fairly considered by the military courts and therefore not reviewable, had not been presented to the military courts and thus waived, or otherwise were without merit and dismissed the petition. Petitioner then brought this appeal. We have jurisdiction under 28 U.S.C. 1291.
 
 
 4
 The scope of matters open for federal civilian court review of military habeas corpus petitions is narrower than it is for civilian habeas corpus petitions. Burns v. Wilson, 346 U.S. 137, 139 (1953). Federal court review of issues raised in military habeas corpus petitions is appropriate only if four conditions are met: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of fact that has already been determined by the military courts; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give full and fair consideration to the issues involved and to apply correct legal standards. Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir.1990). Of course, where an issue raised is plainly without merit, we may dispose of the issue without first addressing whether these four conditions are satisfied. Where, as here, the district court dismissed a habeas petition without making factual findings, we review the district court's decision de novo. Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990).
 
 
 5
 Petitioner's first argument on appeal challenges the district court's limited ability to review his claims. He contends that the court's refusal to review issues either because they were presented to and fully and fairly considered by the military courts or because they were not presented to the military courts and therefore waived, creates a paradox that denies him access to the courts. We disagree. The scope of the district court's as well as this court's review is limited as described above, but petitioner is not denied access to the courts. See Burns, 346 U.S. at 139-42. Moreover, the district court's dismissal of claims not presented to military courts was appropriate. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986).
 
 
 6
 Petitioner's second issue is that admission of Dr. Fredrickson's testimony was plain error, and his third is that without this testimony, there was insufficient evidence to convict him of rape or sodomy. The ACMR determined that Dr. Fredrickson's testimony should not have been admitted, but that its admission was harmless. Evans, 26 M.J. at 551 (incorporating analysis contained in prior opinion, 23 M.J. at 676). The military courts applied the proper standards and fully and fairly considered these two issues, and we therefore will not review them.
 
 
 7
 Petitioner's fourth issue is that he was denied his right to effective assistance of counsel when the military judge denied his motion for funding to investigate possible leads to bolster his defense. Because petitioner has not demonstrated any prejudice from this alleged error, see Strickland v. Washington, 466 U.S. 668, 687 (1984), this issue is plainly without merit.
 
 
 8
 As his fifth issue, petitioner claims that the denial of counsel during the time he was at the hospital while his daughter was being treated for her injuries offended the Fifth and Sixth Amendments because he was effectively in custody at that time. He claims that the testimony of a doctor to whom he talked at this time therefore should have been excluded. However, petitioner has not shown that he was in "custody" at the time he talked to the doctor or that his statements were in any way coerced, and therefore, we find this issue without merit.
 
 
 9
 Petitioner's sixth issue is that his counsel's failure to object to a "known falsified search authorization issued without probable cause" amounted to ineffective assistance of counsel. Appellant's Br. at 33. Petitioner does not state what evidence was seized or improperly admitted nor does he demonstrate how he was prejudiced by this alleged error in his counsel's performance. See Strickland, 466 U.S. at 687. This issue is plainly without merit.
 
 
 10
 Petitioner's seventh issue is that Nurse Sledge's testimony was improperly admitted. The district court found that petitioner waived consideration of this issue by failing to raise it in the military courts, and petitioner concedes that he did not raise it. We agree with the district court that petitioner waived review of this issue. See Watson, 782 F.2d at 145.
 
 
 11
 Petitioner's eighth issue is that he was denied the effective assistance of counsel. Petitioner's conclusory statements regarding his counsel demonstrate neither how his counsel's performance was deficient nor how this performance prejudiced him. See Strickland, 466 U.S. at 687. This issue is plainly without merit.
 
 
 12
 Petitioner's ninth issue includes his claims that his medical records showed him to be suffering from severe medical disorders that impeded his ability to stop or understand his attack on his daughter and that the district court should have granted his request for a mental examination. This issue does not raise any constitutional questions, and we therefore will not consider it.
 
 
 13
 Finally, petitioner claims that the admission of statements by the victim under hearsay exceptions violated the Confrontation Clause. The military courts fully and fairly considered this issue, in fact raising it sua sponte. Evans, 26 M.J. at 551 (incorporating analysis contained in prior opinion, 23 M.J. at 675). We therefore will not review it.
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470